IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUTO DRIVEAWAY FRANCHISE SYSTEMS, LLC | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:18-cv-04971 |
| v. | ) ) | |
| JEFFREY CORBETT, AUTO DRIVEAWAY RICHMOND, LLC, and INNOVAUTO USA, LLC | ) ) ) ) | |
| Defendants. | ) | |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Confidentiality Agreement and Protective Order (the "**Order**") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "**Action**").

1. **Exclusive Use.** All Information produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

2. **Definitions.** When used in this Order, the term:

(a) "**Confidential Information**" shall mean all documents and testimony, and all Information contained therein, containing non-public: (i) information the producing party reasonably believes may prohibited from disclosure by law or by contract; (ii) research, technical, commercial or financial information that the party has maintained as

confidential; (iii) personal identity information; (iv) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (v) personnel or employment records; (vi) information that relates to the development of technology that is at issue in this case; (vii) information that contains trade secrets, including, without limitation, research, technical information, commercial information and financial information.

(b) **"ATTORNEYS' EYES ONLY"** information means non-public information that: (a) constitutes research, technical information, commercial information, business, marketing, or other strategic information, or (b) that is confidential and of the most sensitive in nature; and (c) the producing party, in good faith, reasonably believes that disclosure of the information would lead to competitive injury. The ATTORNEY'S EYES ONLY designation will be the exception rather than the rule.

(c) **"Protected Information"** shall mean Confidential information and Attorney's Eyes Only information.

(d) **"Disclosing Party"** shall refer to any party to this Action and any non-party disclosing or producing Protected Information in connection with this Action.

(e) **"Discovery Material"** shall refer to all items or information that are produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

(f) **"Document"** shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts

thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

(g) "**Information**" shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

(h) "**Receiving Party**" shall refer to any party to this Action and any non-party that receives Confidential Information.

3. **Third-parties.**

Any third party who produces material or information in response to a subpoena, or pursuant to a request by any party to this litigation, may designate such material or information as "Confidential" or "Attorney's Eyes Only" by so notifying all Parties in writing or by marking the document or information produced as "Confidential" or "Attorney's Eyes Only", as provided in this Order. In so doing, the third party producing the Protected Information shall be entitled to all the rights and obligations and subject to this Court's jurisdiction solely for the purpose of enforcing the Order and resolving dispute concerning the confidentiality of the information or documents produced in this litigation. Any party to this litigation shall be entitled to designate information produced by a third-party as Protected Information under this Order.

4. **Mass Designation.** To facilitate the expeditious production of documents, consistent with the proportionality requirements of Rule 34 of the Federal Rules of Civil Procedure and notwithstanding any other provisions in this Order, any Producing Party may designate all or substantially all documents in a large document production as "CONFIDENTIAL." Any such

documents shall be treated like all other Confidential Information designated under this Order unless and until the Confidential designation is either: (a) removed by the designating party; or (b) removed by the Court. If a receiving party plans to attach any mass-designated document to a public court filing, then the receiving party shall notify the designating party in writing and identify the particular document(s) it intends to file. Within three business days of receiving that notification, the designating party shall indicate which, if any, of the identified documents are Confidential Information as defined by this Order. If the designating party maintains that all or a portion of the identified documents are Confidential Information, the receiving party shall file a motion for leave to file such documents under seal consistent with the Court's standing orders and shall provide the Court with a courtesy copy of the documents for its *in camera* review. The designating party may set forth its basis for its confidential designations in responding to the motion for leave to file under seal.

    5.    **<u>Persons to Whom Confidential Information May be Disclosed</u>.**

Unless otherwise ordered by the Court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

    (a)    counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

    (b)    the named parties, including: in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c)    experts, consultants, or investigators and their staff who have signed the Acknowledgment attached hereto as Exhibit A;

(d) outside photocopying, microfilming or database service providers, trial support firms, graphic production services, and litigation support service providers engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action and who signs the Acknowledgement attached hereto as Exhibit A;

(e) the Court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

(f) court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who signs the Acknowledgement attached hereto as Exhibit A;

(g) during their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies);

(h) any mediator or arbitrator engaged by the named parties in connection with this Action and who signs the Acknowledgement attached hereto as Exhibit A;

(i) the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

(j) other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

6. **Persons to Whom Confidential Information May be Disclosed**.

Documents or Discovery Materials designated "ATTORNEY'S EYES ONLY" shall be disclosed only to the persons listed in paragraph(s) 5(a) and 5(c)-(j).

7. **Methods of Designation.** Designation of documents or other material as containing Confidential Information or Attorney's Eyes Only information may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "**CONFIDENTIAL**" or "ATTORNEY'S EYES ONLY" on each page deemed to meet the requirements of this Order, in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Confidential Information or Attorney's Eyes Only to those parts of documents, testimony, or material that are clearly identified as containing Confidential Information or Attorney's Eyes Only information. When information is disclosed in a form not appropriate for placing or affixing the proper designation, the Producing Party may designate the information as CONFIDENTIAL OR ATTORNEY'S EYES ONLY by providing the Receiving Party notice in writing when the information is produced to the Receiving Party.

If a party makes original documents or materials available for inspection, all documents or materials shall be deemed "**CONFIDENTIAL**" during the inspection and before any designation, and the Disclosing Party need not designate them for protection until after the Receiving Party that conducted the inspection has indicated which material it would like copied and produced. After the Receiving Party has identified the documents it wants copied and produced, the Disclosing Party must determine which documents, or portions thereof, qualify for protection under this Order and affix the appropriate legend before producing the documents.

8. **Depositions, Hearings, and Transcripts.** A Disclosing Party may designate as Confidential or Attorneys Eyes Only any portion of a transcript from a deposition or a transcript

from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information or Attorney's Eyes Only information ("**Confidential Testimony**") either orally at the deposition or in writing no later than thirty (30) calendar days after receipt from the court reporter of the final deposition transcript. During such 30-day period, the parties shall treat the entire transcript as Confidential. The reporter shall mark "**CONFIDENTIAL**" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "**CONFIDENTIAL**" or "Attorney's Eyes Only."

9. **Required Written Acknowledgements.** Each expert, advisor, consultant, fact witness or potential fact witness who receives Protected Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

10. **Maintenance of Confidential Information.** Any person or entity in possession of Protected Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the Protected Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or

compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

11. **No Limit On Use by Disclosing Party.** Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Protected Information.

12. **Disclosure by Receiving Party.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

13. **Disclosure Required by Subpoena or Court Order.** If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Protected Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected.

The Disclosing Party must notify the Receiving Party within twenty-one (21) calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Protected Information.

(a) If the Disclosing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any Protected Information before a determination by the court from which the subpoena or order issued, unless the Disclosing Party consents to such production in writing.

(b) If the Disclosing Party fails to object or seek a protective order from the court within twenty-one (21) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Protected Information responsive to the subpoena or court order.

(c) Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

14. **Failure to Designate.** Failure to designate materials as Confidential or Attorney's Eyes Only at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party in writing after discovering that it failed to designate the information as Confidential or Attorney's Eyes Only. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential or Attorney's Eyes Only to the extent that such documents, materials, or testimony fall within the definition of Confidential Information or Attorney's Eyes Only Information. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation.

15. **Non Waiver of Privilege Under F.R.E. 502(d).** The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). However, nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, Electronically Stored Information, or information (including metadata), for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing herein shall limit the parties from arguing that the document is not in fact privileged. Rather, this paragraph is intended only to prohibit arguing that the document has lost its privilege due to production.

16. **Challenges by a Party to Designation as Protected Information.** The designation of any material or document as Protected Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge

proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

17. **No Filing of Confidential Information.** A Receiving Party may not file in the public record in this Action any Protected Information without written permission from the Disclosing Party or a Court Order secured after appropriate notice to all interested persons. If only portions of a document contain Protected Information, the party filing the document shall submit to the court a redacted copy of the same, in accordance with the Court's rules. The parties agree that N.D. Ill. Civ. R. 5.8 and 26.2 shall govern requests to file Protected Information under seal.

18. **Obligations Upon Conclusion of Action.** After the final disposition of this Action, including any appeals, each Receiving Party must either return all Protected Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Protected Information may have been reproduced or captured.

Whether the Protected Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party that (a) identifies (by category, where appropriate) all the Protected Information that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Information.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Protected Information remain subject to this Order.

19. **Production of Undesignated Copies.** In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as CONFIDENTIAL or ATTORNEY'S EYES ONLYand at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20. **Use of Confidential Information at Hearings or Trial.** This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial or at a hearing or in support of a motion any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. A party that intends to present or that anticipates that another party may present Protected Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial, or hearing. Prior to any court proceeding in which Protected Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

21. **No Admissions by Designation.** Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. The parties agree that a designation of Information as CONFIDENTIAL or ATTORNEY'S EYES ONLY is not intended to be and shall not be construed as an admission that the Protected Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

22. **Survival.** The treatment accorded under this Order shall survive the termination of this Action.

23. **Additional Protective Orders.** This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

It is SO ORDERED.

Entered: December 17, 2018

_____
Manish S. Shah, U.S. District Judge

WE ASK FOR THIS:

__/s/ Kevin M. O'Hagan__
Kevin M. O'Hagan (ARDC No. 6211446)
James W. Davidson (ARDC No. 6281542)
Kristen A. Cemate (ARDC No. 6299262)
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
T: 312.422.6100
F: 312.422.6110
kohagan@ohaganmeyer.com
***Counsel for Defendants***


/s/ Ricardo Meza
Kara Cenar, ND Ill. No. 6198864
kcenar@greensfelder.com
Ricardo Meza, N.D. Ill. No. 6202784
rmeza@greensfelder.com
Susan Meyer, ND. Ill. No. 6226450
smeyer@greensfelder.com
Dawn Johnson, ND Ill. No. 6216582
dmj@greensfelder.com
David Simmons, ND Ill. No. 6279420
ds@greensfelder.com
Thadford A. Felton, ND Ill. No. 6224896
taf@greensfelder.com
200 West Madison Street, Suite 3300
Chicago, IL 60606
Telephone: 312-419-9090
Fax: 312-419-1930
***Counsel for Plaintiff***