# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

|  |  |
|---|---|
| In re: | **Case No. 19-36309** |
| **Jeffrey David Corbett,**[1] **and Helen Christine Corbett.** | **Chapter 11** |
|  | **Judge Huennekens** |

## DEBTORS' APPLICATION TO RETAIN AND EMPLOY KUTAK ROCK LLP AS THEIR SPECIAL COUNSEL

The above-captioned debtors and debtors-in-possession (collectively the "**Debtors**" and each a "**Debtor**"), pursuant to § 327(e) of Title 11 of the United States Code, 11 U.S.C. §§ 101—1532 (as amended, the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of this Court hereby apply to this Court for the entry of an order authorizing the retention and employment of Kutak Rock LLP ("**KR**") as their special counsel in this Chapter 11 case. In support of this Application, the Debtors submit the Declaration of Peter J. Barrett, a partner of KR (the "**Declaration**"), a copy of which is attached hereto as Exhibit A, and the Debtors respectfully represents as follows:

---

[1] The Debtors' principal residence as of the petition date is 221 Roslyn Hills Drive, Henrico, Virginia 23229, and the last four digits of the Debtors' Social-Security Numbers are -4102 and -6140.

---

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Debtors*

## Jurisdiction

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3.      Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.      On December 3, 2019 (the "**Petition Date**"), Jeffrey David Corbett and Helen Christine Corbett filed for relief (the "**Case**") under Chapter 11 of the Bankruptcy Code. On April 1, 2020, the Debtors amended their voluntary petition to elect to proceed under Subchapter V of Chapter 11. On April 8, 2020, Richard C. Maxwell was appointed as the Subchapter V trustee pursuant to §1183(a) of the Bankruptcy Code.

5.      The Debtors are continuing in possession of their property, as Debtors-in-Possession, pursuant to §1184 of the Bankruptcy Code.

6.      The Debtors were forced to seek protection with this Court by filing their Case as a result of vengeful litigation in the United States District Court in Chicago, Illinois (the "**Illinois Federal Litigation**") filed by Auto Driveaway Franchise Systems LLC ("**Auto Driveaway**"). The Illinois Federal Litigation depleted the Debtors of over $200,000.00 in resources and caused additional, enormous unpaid costs, all of which resulted in the Debtors having insufficient resources to pay their valid obligations. Clearly, the Illinois Federal Litigation was designed to bankrupt the Debtors. And after having accomplished the same, Auto Driveaway nonetheless has

continued with their dilatory tactics before this Court. To be clear, Auto Driveaway's claims

against Mr. Corbett individually were initially dismissed from the Illinois Federal Litigation. *See

Memorandum Opinion and Order*, *Auto Driveaway Franchise Systems, LLC v. Corbett*, Case No.

1:18-cv-04971 (N.D. Ill. July 23, 2019), ECF No. 158 (Memorandum Opinion dismissing with

prejudice Auto Driveaway's claim against Mr. Corbett personally). However, Mr. Corbett was

subsequently added back to the Illinois Federal Litigation under the same or substantially the same

theories by means of the Second Amended Complaint that was filed after defense counsel

withdrew because the defendants lacked the financial wherewithal to continue to pay substantial

defense costs. Furthermore, the defendants (including Mr. Corbett) in the Illinois Federal

Litigation maintain that they have significant defenses and counterclaims. Additionally, Mrs.

Corbett was questionably added (just prior to the Petition Date) as a defendant to the Illinois

Federal Litigation by way of the Second Amended Complaint after it was disclosed that Mr.

Corbett would likely file for bankruptcy protection and after counsel had withdrawn based on the

defendants' inability to continue to pay substantial defense costs. The same appears to have been

done maliciously and, as such, Mrs. Corbett has and continues to reserve all of her rights related

to the same, as indicated on her schedules filed with this Court.

7.     Auto Driveaway has behaved in a vindictive and malicious manner since prior to

the filing of the Illinois Federal Litigation, and given their extremely robust motions practice in

this Case as well as their recently filed Proof of Claim 11-1 (which appears to be based entirely on

the allegations in the Second Amended Complaint and contains a request for attorneys' fees in

excess of the amount of alleged actual damages) Auto Driveaway continues its vindictive behavior

in this Court.[2] The irrelevant and provocative tale that Auto Driveaway weaves throughout its various pleadings filed with this Court (as well as in the Illinois Federal Litigation) does not support their claim that the Debtors have acted and continue to act in bad faith. More importantly, the Debtors vehemently deny any wrongdoing and are prepared to testify and/or otherwise present evidence to demonstrate at the appropriate time that Auto Driveaway is the entity that has acted in a wrongful manner causing significant harm to the Debtors and the Corporate Entities (as defined below).

### Relief Requested

8.      The Debtors desire to retain and employ KR as special counsel in this Chapter 11 Case, pursuant to § 327(e) of the Bankruptcy Code, to represent the Debtors as well as non-debtors Auto Driveaway Richmond, LLC ("**AD Richmond**"), Innovauto USA, LLC, and Tactical Fleet, LLC (the three collectively referred to as the "**Corporate Entities**") in matters related to the Illinois Federal Litigation and other litigation issues that may overlap with bankruptcy associated matters on the terms and conditions described below (the "**Retention Terms**").

9.      The Debtors, as previously indicated to the Court, have been pursuing certain litigation funding mechanisms to assist in the prosecution and defense of items related to the Illinois Federal Litigation. Recently, the Debtors and the Corporate Entities secured said funding and KR has agreed to proceed given the same. To that end, the Debtors will shortly be filing a Motion to Approve Litigation Funding (the "**Litigation Funding Motion**"), which motion has the

---

[2] *See* Limited Objection to Motion to Extend Deadline to Remove Civil Actions, ECF No. 43; Motion for Order Directing Examinations and Request for Production of Documents under Fed. R. Bankr. P. 2004, ECF No. 35; Motion for Extension of Time within Which to File a Complaint Objecting to Discharge and/or to Determine the Dischargeability of a Debt, ECF No. 34; and Motion for Extension of Time Within Which to Object to Exemptions, ECF No. 27.

specific ligation funding agreement (the "**Litigation Funding Agreement**") attached as an exhibit. The Debtors believe that the relief sought in the Litigation Funding Motion is in the best interest of the estate, their valid creditors, and other parties in interest. The Debtors firmly believe that pursuing their counter claims against Auto Driveaway, made possible by the litigation funding, is a decision reached in the exercise of their sound business judgment. The Litigation Funding Agreement by the Debtors and Legalist Fund II, L.P. ("**Legalist**") will allow the Debtors and the Corporate Entities to defend themselves from dilatory litigation and to prosecute valuable, warranted claims against Auto Driveaway. KR's representation of the Debtors and the Corporate Entities is a critical component to the same.

### Services to Be Provided by KR

10.    The Debtors anticipate that KR will render legal services to the Debtors and the Corporate Entities in connection with matters related to the Illinois Federal Litigation and other litigation issues that may overlap with bankruptcy associated matters. In particular, the Debtors anticipate that KR will perform, among others, the following legal services:

(a)    Investigate, file, prosecute, and/or otherwise assist in actions related to the Illinois Federal Litigation.

(b)    Investigate, oppose, defend, and/or otherwise assist in matters related to the claims of Auto Driveaway.

(c)    Investigate, file and prosecute tort and/or contract-based claims, as appropriate, against Auto Driveaway and related entities and individuals.

(d)    Investigate, file and prosecute any other tort and/or contract based claims the Debtors may have against other parties.

       (e)     Assist in defense of any claims asserted against the Debtors.

11.    Previously, the Debtors filed an application to employ the law firm of Tavenner & Beran, PLC ("**Tavenner & Beran**") as their bankruptcy counsel. Tavenner & Beran and KR understand the necessity to, and have agreed to, coordinate with each other to minimize any duplication of efforts.

12.    The names and positions of the KR lawyers and professionals currently expected to have primary responsibility for providing services to the Debtors are:

| | |
|---|---|
| Reid Page | Partner |
| Peter J. Barrett | Partner |

13.    The Retention Terms are as follows:

- KR will be compensated on an hourly basis at a reduced hourly rate of $300/hour for partners, $200/hour for associates; and $100/hour for paralegals, with the same being paid through the Litigation Funding Agreement with Legalist pursuant to a specific budget, but KR does not guarantee that it will be able to do so. KR will also be entitled to reimbursement of expenses. If the funds provided by Legalist are exhausted during the course of the representation, KR, the Debtors and the Corporate Entities agree to discuss in good faith methods to continue payment of the hourly rates, and the Debtors and the Corporate Entities acknowledge that their obligation to pay the hourly rates are not affected by the exhaustion of available funds under the Litigation Funding Agreement. To the extent KR seeks an agreement to be compensated directly from the Debtors, any such subsequent agreement shall be approved by this Court to the extent the Debtors agree to pay KR or become obligated to pay KR.

- During the term of the Litigation Funding Agreement, KR will hold in its client trust account the full amount of funds received under the Litigation Funding Agreement. As soon as possible after the first of each month, KR will issue an invoice to the Office of the United States Trustee (the "UST"), the Debtors, the Corporate Entities and Legalist for all work performed and expenses incurred by KR in the prior month. If within five days, if there is no objection, KR is allowed to transfer the amount of the invoice to KR's operating account as payment for the previous month's invoice. If any objection is raised within that timeframe, all will work together in good faith to resolve any such dispute within ten days. If such resolution cannot be reached in that timeframe, KR, the

UST, the Debtors and the Corporate Entities agree to submit any such dispute to the Bankruptcy Court. Any such dispute regarding a particular invoice shall not affect KR's right to be paid in any subsequent month, and no party shall raise the dispute regarding a previous month's invoice as an objection to a subsequent month's invoice. In addition to the hourly fee, the Debtors and Corporate Entities agree to pay a fee contingent upon the outcome of the matter. The contingency fee component of KR's compensation shall be 20% of the Gross Recovery (the "**Contingency Fee**"). Gross Recovery, for purposes of calculating the contingency fee, shall include any and all monetary value related to and/or arising from the Matter (as such terms is defined in the Litigation Funding Agreement), and any monetary value derived from any other action or claim brought on behalf of the Debtors and/or Corporate Entities as part of the Matter, including monetary and/or non-monetary damages or compensation of any variety, awarded or provided to you as a result of the Matter, including, but not limited to, damages, real or personal property of any kind, punitive damages, attorneys' fees, costs and expenses, and interest.

- To the extent any fee or expense is not paid pursuant to the Litigation Funding Agreement and to the extent KR seeks to be compensated directly from the Debtors, KR will be required to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and the Litigation Funding Agreement, and pursuant to any additional procedures that may be established by the Court in this Case.

- KR is not obligated to take or defend any appeals. Any appellate work will be at the taken on at KR's discretion and a fee arrangement will be negotiated at that time subject to approval by the Bankruptcy Court if it involves the Debtors.

- Actual costs and expenses of the litigation or proceeding itself will be drawn from the funds paid as a result of Litigation Funding Agreement. In the event such funds are exhausted, to the extent the Debtors agree to pay KR or become obligated to pay KR and to the extent KR seeks to be compensated directly from the Debtors, the Firm will seek payment for any such costs and expenses pursuant to applications filed pursuant to the Bankruptcy Code and Bankruptcy Rules.

14. Subject to the Court's approval, KR intends (a) to charge for its legal services on an hourly basis in accordance with terms as provided above and (b) to seek reimbursement of actual and necessary out-of-pocket expenses as provided above. KR will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection

with the rendering of the legal services described above by category and nature of the services rendered for each specific client as appropriate with an effort to avoid duplicate billing. To the extent KR seeks payment of any fee or expense directly from the Debtors, KR will be required to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and the Litigation Funding Agreement, and pursuant to any additional procedures that may be established by the Court in this Case.

## Disclosure Concerning Conflicts of Interest

15.     KR does not represent and does not hold any interest adverse to the Debtors' estate or their creditors, except to the extent set forth in the Declaration.[3]

16.     Accordingly, the Debtors believe that KR is a "disinterested person," as defined in § 101(14) of the Bankruptcy Code and as required by § 327(e) of the Bankruptcy Code. Further, the Debtors submit that the employment of KR would be in the best interests of the Debtors, their estate, and creditors.

## Fee Applications

17.     As described above, KR intends, if it seeks payment of any fee, cost, or expense directly from the Debtors, to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any additional procedures that may be established by the Court in this Case.

---

[3] If at any time during the course of this Case KR discovers additional information that requires disclosure, KR will file a supplemental disclosure with the Court as promptly as possible.

## **Notice**

18.     No examiner or creditors' committee has been appointed in this Chapter 11 Case.

19.     Pursuant to Local Rules 2002-1 and 2014-1, notice of this Application has been given to: (a) the United States Trustee; (b) the Subchapter V Trustee; (c) the Debtors' 20 largest unsecured creditors, as identified in their Chapter 11 petition; (d) the Debtors' known secured creditors; (e) any known legal counsel for the Debtors' secured creditors; and (f) all parties requesting service of pleadings in this Case. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B: (i) authorizing the Debtors to retain and employ Kutak Rock LLP as their special counsel in this Chapter 11 Case, pursuant to § 327(e) of the Bankruptcy Code, retroactive as of the date of this Application; (ii) authorize Kutak Rock LLP to be compensated and reimbursed for expenses pursuant to the Litigation Funding Agreement; and (ii) granting such other and further relief as the Court may deem proper.

**Respectfully submitted,**

**JEFFREY DAVID CORBETT,**
**HELEN CHRISTINE CORBETT**

Dated: April 16, 2020          By: */s/ Paula S. Beran*
Richmond, Virginia            Lynn L. Tavenner, Esquire (VSB No. 30083)
                             ltavenner@tb-lawfirm.com
                             Paula S. Beran, Esquire (VSB No. 34679)
                             pberan@tb-lawfirm.com
                             David N. Tabakin, Esquire (VSB No. 82709)
                             dtabakin@tb-lawfirm.com
                             Tavenner & Beran, PLC
                             20 North 8th Street
                             Richmond, Virginia 23219

Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April 2020, a true and correct copy of the foregoing Application was served via electronic delivery and/or first-class mail, postage prepaid (a) the United States Trustee; (b) the Subchapter V Trustee; (c) the Debtors' 20 largest unsecured creditors, as identified in their Chapter 11 petition; (d) the Debtors' known secured creditors; (e any known legal counsel for the Debtors' secured creditors; and (f) all parties requesting service of pleadings in this Case (all as listed on Schedule A attached to the Court filed copy of this Application).

/s/ *Paula S. Beran*
Counsel

# SCHEDULE A

M. Christine Maggard
Bock and Scott, PLLC
8757 Red Oak Blvd., Sutie 150
Charlotte, NC 28217
christine maggard@brockandscott.com*

Dawn Ann Morville Johnson
Greensfelder, Hemker & Gale, P.C.
10 South Broadway
Saint Louis, MO 63102-1747
dmj@greensfelder.com*

MAP Ground Lease Owner LLC
c/o Dana S. Plon, Esquire
Sirlin Lesser & Benson, P.C.
Philadelphia, PA 19109-1042
dplon@sirlinlaw.com*

Auto Driveaway Franchise Systems, LLC
c/o David R. Ruby, Esq.
ThompsonMcMullan, P.C.
Richmond, VA 23219
druby@t-mlaw.com;
wprince@t-mlaw.com*

David J. Simmons
Greensfelder, Hemker & Gale, P.C.
10 South Broadway
Saint Louis, MO 63102-1747
ds@greensfelder.com*

Elizabeth Ann Austermuehle
Greensfelder, Hemker & Gale, P.C.
200 West Madison
Chicago, IL 60606-3607
eaustermuehle@greensfelder.com*

Atlantic Union Bank
c/o Jeremy S. Williams, Esq.
Kutak Rock LLP
Richmond, VA 23219-4071
jeremy.williams@kutakrock.com;
brian.richardson@kutakrock.com*

Kara Eve Foster Cenar
Greensfelder, Hemker & Gale, P.C.
200 West Madison
Chicago, IL 60606-3607
kcenar@greensfelder.com*

Susan Meyer
Greensfelder, Hemker & Gale, P.C.
200 West Madison
Chicago, IL 60606-3607
smeyer@greensfelder.com*

Thadford A. Felton
Greensfelder, Hemker & Gale, P.C.
200 West Madison
Chicago, IL 60606-3607
taf@greensfelder.com*

John P. Fitzgerald, III
Office of the US Trustee - Region 4 -R
701 E. Broad Street, Ste. 4304
Richmond, VA 23219-1849
USTPRegion04.RH.ECF@usdoj.gov*

AllData
PO Box 848379
Dallas, TX 75284-8379

Auto Driveaway Richmond LLC
221 Roslyn Hills Drive
Henrico, VA 23229-7441*

BB&T Corporation
c/o Kelly S. King, Chairman and CEO
200 West Second Street
Winston Salem, NC 27101-4049

Capital One Bank (USA), N.A.
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901
POC_AIS@americaninfosource.com*

Capital One Bank USA NA
c/o Richard D. Fairbank, CEO/President
1680 Capital One Drive
Mc Lean, VA 22102-3407
POC_AIS@americaninfosource.com*

CarMax, Inc.
c/o William D. Nash, CEO
12800 Tuckahoe Creek Parkway
Henrico, VA 23238-1124

Chase
P.O. Box 15123
Wilmington, DE 19850-5123

Citibank North America
c/o Michael Corbat, CEO
388 Greenwich Street
New York, NY 10013-2362

Frank A. Wood, Jr.
c/o Alexander N. Simon, Esq.
2604 W. Main Street
Richmond, VA 23220-4313
asimonatty@aol.com*

Stearns Bank National Association
c/o Jordan N. Hopkins
Bankrutcy Portfolio Manager
4191 2ND Street South
ST Cloud MN 56301-3761
Jordan.hopkins@stearnsbank.com*

JPMorganChase Bank
700 Kansas lane
Monroe, LA 71203-4774

Kathryn Corbett
2510 Cox Road
Henrico, VA 23233-2746
rwestermann@hirschlerlaw.com

Leaf Capital Funding LLC
1720A Cree Street
Moberly, MO 65270-3681

Madison Lee Warhurst
3727 Mount Airey Lane
Annandale, VA 22003-1549

North Star Leasing Company
P.O. Box 342
Brattleboro, VT 05302-0342

O'Hagan Meyer LLC
411 East Franklin Street, Suite 500
Richmond, VA 23219-2200

Porter Realty Company Inc.
P. O. Box 6482
4801 Radford Avenue
Richmond, VA 23230-3505

South State Bank
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

Southern Investment, LLC
1336 Gravatt Way
Midlothian, VA 23114-4601

Southern Investment, LLC
c/o Kane, Jeffries, & Carollo, P.C., r/a
1700 Bayberry Court # 103
Richmond, VA 23226-3791

Specialized Loan Servicing
8742 Lucent Blvd, Ste 300
Littleton, CO 80129-2386

M&T Bank
PO Box 1508
Buffalo, NY 14240
Cohara1@mtb.com*

SunTrust Bank now Truist Bank
Attn: Support Services
P.O. Box 85092
Richmond, VA 23286-0001
consumerbankruptcy@suntrust.com*

Truist Bank, SBM to SunTrust Bank
1001 Semmes Avenue
Richmond, VA 23222
Christine maggard@brockandscott.com*

TW Franchise Holdings LLC
221 Roslyn Hills Drive
Henrico, VA 23229-7441*

US Small Business Administration
c/o Chris Pilkerton, General Counsel
409 3rd St, SW
Washington, DC 20416-0005

Verizon
PO Box 489
Newark, NJ 07101-0489
POC_AIS@americaninfosource.com*

Verizon Wireless Bankruptcy Admin.
500 Technology Drive
Suite 550
Saint Charles, MO 63304-2225
POC_AIS@americaninfosource.com*

Richard C. Maxwell
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
Roanoke, VA 24011
rmaxwell@woodsrogers.com*

Atlantic Union Bank
c/o c/o Jeremy S. Williams, Esq.
Kutak Rock LLP
901 E. Byrd St., Ste. 1000
Richmond, VA 23219
jeremy.williams@kutakrock.com*

*Entities so noted received notice via
CM/ECF and/or email

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | **Case No. 19-36309** |
| **Jeffrey David Corbett, and** **Helen Christine Corbett.** | **Chapter 11** |
| | **Judge Huennekens** |

<u>**DECLARATION OF PETER J. BARRETT**</u>

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Peter J. Barrett, hereby declares as follows:

1.     I am a member in good standing of the Bar of the State of Virginia and admitted to practice before the courts of the Commonwealth of Virginia, the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the Eastern District of Virginia, the U.S. Bankruptcy Court for the Eastern District of Virginia, and the U.S. District Court for the Western District of Virginia.

2.     I am a partner of the law firm of Kutak Rock LLP ("**KR**") and am duly authorized to make this Declaration on behalf of KR. I make this Declaration in support of the *Debtors' Application to Retain and Employ Kutak Rock LLP as Their Special Counsel* (the "**Application**"). I personally know the facts set forth in this Declaration and, if called as a witness, I could and would testify thereto. Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

3.     The law firm of KR has extensive experience in dealings with federal, state and bankruptcy court litigation. The firm is well qualified to represent the Debtors in this Case and is willing to accept employment on the basis set forth in the Application.

4.    The law firm of KR, its members, and associates hold no interest adverse to the Debtors or its estate with respect to the matters for which it will be engaged and KR accordingly is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code. The only connections with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee, of which KR, their members or associates, are aware are as follows:

    a)  In this Case, KR represents Atlantic Union Bank in connection with amounts owed as a result of Auto Driveaway diverting the accounts receivable of one of the Corporate Entities, notwithstanding Atlantic Union Bank's properly perfected security interest in the same.

    b)  KR has represented and continues to represent Lynn L. Tavenner, Trustee in matters unrelated to this Case.

    c)  I, Peter Barrett, a member of KR, serve as the SubChapter V Trustee in one or more cases in which Tavenner & Beran is serving as debtor's counsel.

6.    The proposed employment of KR is not prohibited by or improper under Bankruptcy Rule 5002.

To the best of my knowledge, I declare under penalty of perjury that the following is true and correct.

                        /s/ *Peter J. Barrett*
                        Peter J. Barrett, Esq.
                        (Va. Bar No. 46179)

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | |
|---|---|
| In re: | **Case No. 19-36309** |
| **Jeffrey David Corbett,[1] and Helen Christine Corbett.** | **Chapter 11** |
| | **Judge Huennekens** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KUTAK ROCK LLP AS DEBTORS' SPECIAL COUNSEL

This matter came before the Court upon the *Debtors' Application to Retain and Employ Kutak Rock LLP as Their Special Counsel* (the "**Application**"). The Court (a) having reviewed (i) the Application and (ii) the Declaration of Peter J. Barrett, a partner in the law firm of Kutak Rock LLP ("**KR**"), attached to the Application as Exhibit A (the "**Declaration**"); and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors' principal residence as of the petition date is 221 Roslyn Hills Drive, Henrico, Virginia 23229, and the last four digits of the Debtors' Social-Security Numbers are -4102 and -6140.

Lynn L. Tavenner, Esquire (VSB No. 30083)
Paula S. Beran, Esquire (VSB No. 34679)
David N. Tabakin, Esquire (VSB No. 82709)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-1078

*Counsel for the Debtors*

C.      Notice of the Application (and service of the proposed order) was sufficient under the circumstances.

D.      The Application and the Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

E.      KR does not represent any entity adverse to the Debtors or to their estate in connection with the matters for which it is being retained. Furthermore, KR does not hold any interest adverse to the Debtors or to their estate in connection with the matters for which it is being retained, and KR is a "disinterested person," as defined in § 101(14) of the Bankruptcy Code and as required by § 327(e) of the Bankruptcy Code.

F.      The retention and employment of KR in accordance with the Application and this Order is in the best interest of the Debtors and their estate.

IT IS HEREBY ORDERED THAT:

1.      The Application is hereby APPROVED.

2.      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3.      The Debtors are authorized to retain and employ KR as their counsel, pursuant to § 327(e) of the Bankruptcy Code, effective as of April 16, 2020.

4.      KR shall be compensated for such services and reimbursed for any related expenses as provided in the Application, and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Litigation Funding Agreement, and any additional procedures that may be established by this Court.

Entered: _____

                                          UNITED STATES BANKRUPTCY JUDGE

I ask for this:

_____

Lynn L. Tavenner, Esquire (VSB No. 30083)
ltavenner@tb-lawfirm.com
Paula S. Beran, Esquire (VSB No. 34679)
pberan@tb-lawfirm.com
David N. Tabakin, Esquire (VSB No. 82709)
dtabakin@tb-lawfirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

       *Counsel for the Debtors*

Seen and not objected to:

*/s/ (Permission to affix signature received via email dated /2020)*
Kenneth N. Whitehurst, III (Va. Bar No. 48919)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

## **CERTIFICATION**

       I hereby certify that the foregoing proposed Order has been either served on by first-class mail, postage prepaid, and/or electronic delivery or endorsed by all necessary parties.

                               _____
                                  *Counsel to the Debtors*

Service List for Entered Order:

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219

Richard C. Maxwell
Woods Rogers PLC
10 S. Jefferson Street, Suite 1400
Roanoke, VA 24011

Kenneth N. Whitehurst, III, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219